IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LOTTIE JEAN PARHAM; and
ROSIE PARHAM                                                                    PLAINTIFFS


V.                                      CASE NO. 1:12-CV-1055


ACADIA HEALTHCARE OF
TENNESSEE                                                                       DEFENDANT

# ORDER

Before the Court is Plaintiffs' Motion for Default Judgment (ECF No. 49). Acadia Healthcare Company, Inc. ("Acadia") has filed a response. (ECF No. 50). The Court finds this matter ripe for consideration.

Plaintiffs claim they are entitled to a default judgment against Acadia because Acadia has failed to respond to their Amended Complaint within the time prescribed by the Federal Rules of Civil Procedure. Acadia responds that they are not in default because they were never properly served with the Amended Complaint. In order to address the parties' arguments, a somewhat lengthy recitation of the history of this case is necessary.

Plaintiffs filed their Complaint on June 4, 2012. (ECF No. 1). Shortly thereafter, Plaintiffs filed an Amended Complaint. (ECF No. 4). The Amended Complaint included claims against five Defendants: Millcreek of Arkansas; Matt Wilshire; Doug Freeman; Brenda Matthews; and Acadia Healthcare of Tennessee. Plaintiffs claimed that Defendants engaged in discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, the Equal Pay Act, the Age Discrimination in Employment Act, the Fourteenth

Amendment, and the Arkansas Civil Rights Act. Plaintiffs also made several claims under Arkansas common law including breach of contract, wrongful discharge, and outrage.

In August 2012, all of the Defendants, with the exception of Acadia, filed motions to dismiss. (ECF Nos. 12, 14, 16, 18). In the briefing on the Motions to Dismiss, the parties made the Court aware of a conflict regarding service upon Acadia. Defendant Millcreek maintained that Plaintiffs' attempted service on "Acadia Healthcare of Tennessee" was defective and that an entity by that name did not exist. Plaintiffs maintained that service was proper and that Acadia's refusal to file a response to the Complaint had placed them in default. At that time, the parties had not filed any motions alleging defective service or default. Accordingly, the Court did not address the issue when ruling on the Motions to Dismiss filed by the other Defendants. The Motions to Dismiss were granted (ECF No. 36) and Acadia remained a Defendant in the case.

After the Motions to Dismiss were granted, this case languished for many months. Plaintiffs made no attempts to correct any alleged defect in service or pursue a default judgment, and Acadia filed no motion to dismiss for insufficient service of process. On January 15, 2014, the clerk entered a Notice of Default Procedure. (ECF No. 39). The notice stated: "Although there is proof of service of process in the file, the following defendant(s) have failed to plead or otherwise defend the claim of the plaintiff(s) in the prescribed time: Acadia Healthcare of TN." Plaintiffs were directed to file an affidavit in support of default and a motion for default judgment within 14 days of the notice.

On January 29, 2014 Plaintiffs filed their affidavit in support of default but failed to file a motion for default judgment within the prescribed time. On February 4, Acadia filed a Motion to Strike Plaintiffs' Affidavit in Support of Default. (ECF No. 41). Acadia argued in its Motion to Strike that Plaintiffs had attempted service on a non-existent entity "Acadia Healthcare of

Tennessee" when it appears that they intended to serve Acadia Healthcare Company, Inc. Acadia also argued that the manner of service was improper. Acadia's motion requested that the Court strike Plaintiffs' affidavit in support of default and the purported return of service filed by Plaintiffs on "Acadia Healthcare of Tennessee." (ECF No. 27). In response to Acadia's motion, Plaintiffs expressed their intent to request leave to file an amended complaint naming Acadia Healthcare Inc. as defendant in this matter. (ECF No. 44). While Plaintiffs filed a motion to amend on March 31, 2014, the document was struck due to improper filing. The motion to amend has never been re-filed.

Because Plaintiffs had not actually filed a Motion for Default Judgment as directed, the Court refrained from ruling on Acadia's Motion to Strike. On May 8, 2014, the Court issued an Order (ECF No. 48) directing Plaintiffs to show cause why they failed to move for default within the prescribed time. Rather than responding directly to the order to show cause, Plaintiffs filed the present Motion for Default Judgment. Plaintiffs' motion states that they "inadvertently overlooked the filing of the actual Motion for entry of a Default Judgment." (ECF No. 49, p. 1).

Acadia filed a response in opposition to the Motion for Default and incorporated the arguments made in its Motion to Strike. Acadia argues that Plaintiffs are not entitled to default because (1) Plaintiffs have not shown good cause for their delay in filing the Motion for Default and (2) Acadia has never been properly served.

First, Acadia is correct in pointing out at that Plaintiffs have not shown good cause for the delay in filing their Motion for Default. Plaintiffs' excuse that they "inadvertently overlooked" the filing of the motion is wholly inadequate without further explanation. Accordingly, the Motion for Default could be denied as untimely filed. Nonetheless, the Court will address the merits of the motion.

Acadia claims that an entry of default is inappropriate because Plaintiffs failed in their attempt to serve Acadia.  First, Acadia claims that the summons was deficient because it was addressed to "Acadia Healthcare of Tennessee," a non-existent entity, rather than Acadia Healthcare Company, Inc.  Second, Acadia argues that, even if Plaintiffs had named the correct Defendant, service was deficient because Plaintiffs did not address the summons to a natural person.

Because the misnomer issue is irrelevant if there has not been proper service of process, the Court will first address Plaintiffs' method of service.  Plaintiffs attempted to serve a summons addressed to "Acadia Healthcare TN" via certified mail on July 24, 2012.  The summons and Amended Complaint were received by Gail Trudell.  On the return receipt, there was a box checked indicating that Gail Trudell was an "agent" of the addressee.  Acadia maintains that there was no one by the name of Gail Trudell employed by Acadia Healthcare Company, Inc. at that time.  However, Acadia's arguments are not focused on Trudell's agent status or lack thereof.  Rather, Acadia argues that Plaintiffs' service was insufficient because they addressed the service papers to "Acadia Healthcare TN" rather than a natural person.  The Court agrees.

Rule 4(h) of the Federal Rules of Civil Procedure requires a corporation to be served either in a manner prescribed for personal service of an individual under Rule 4(e)(1); or by "delivering" a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h).  It is well settled that the use of certified mail is not sufficient to constitute "delivering" under Rule 4(h)(2).  *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009).  Rule 4(h)(2) requires

*personal* delivery rather than *mail* delivery. *Id*. Accordingly, Plaintiffs' attempted service by certified mail does not satisfy the requirements for serving a corporation under Rule 4(h)(2).

Plaintiffs must now fall back on the requirements for service of an individual under Rule 4(e)(1). Rule 4(e)(1) allows a party to be served "following state law for serving a summons in an action in courts of general jurisdiction in the state where the district court is located or where service is made." Accordingly, Plaintiffs are required to properly effect service under either Arkansas or Tennessee law. Both Arkansas and Tennessee require service on a corporation to be made by delivering the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of summons. Ark. R. Civ. P. 4(d)(5); Tenn. R. Civ. P. 4.04(4). Importantly, under both Arkansas[1] and Tennessee[2] law, the summons and complaint must be addressed to a specified natural person.

Because Plaintiffs' service papers were not addressed to a natural person, Plaintiffs' attempt at service on "Acadia Healthcare of Tennessee" and/or "Acadia Healthcare Company, Inc." was ineffective. *See Broadway v. adidas Am., Inc.*, 3:07CV000149, 2008 WL 2705566 at *3 (E.D. Ark. July 10, 2008) ("[T]his attempt at service was defective because the…service papers enclosed therewith were not addressed to an addressee or agent of the addressee that is a natural person. The requirements under Ark. R. Civ. P. 4, being in derogation of common law,

---

[1] *See* Ark. R. Civ. P. 4(d)(8)(A)(i) ("Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made . . . by any form of mail *addressed to the person to be served* with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a *natural person specified by name* . . . .") (emphasis added)

[2] *See* Tenn. R. Civ. P. 4.04(10) ("Service by mail of a summons and complaint upon a defendant may be made by . . . send[ing], postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail *shall be addressed to an individual specified in the applicable subparagraph*.") (emphasis added).

must be strictly followed…."); *Grand Slam Stores, L.L.C. v. L & P Builders, Inc.*, 92 Ark. App. 210, 213, 212 S.W.3d 6, 8 (Ark. App. 2005) ("[Plaintiff] stated that Grand Slam was served by certified letter…and the letter was addressed to Grand Slam Stores LLC.' We hold that this does not comply with our service of process requirements under Ark. R. Civ. P. 4(d)(8), which requires that an addressee be a 'natural person specified by name.' A 'natural person' is a 'human being.'").

Plaintiffs' failure to properly serve Acadia is fatal to their request for an entry of default. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003) ("[A] defendant is under no duty to respond to the rules of a court unless he is brought under its jurisdiction through the proper service of process. Therefore, Defendants could not have been held in default for failure to answer until properly served by [Plaintiff]"). Accordingly, Plaintiffs' Motion for Default is denied.[3]

The question now becomes whether this action should be dismissed for insufficient service of process. Plaintiffs were explicitly put on notice of the potential service deficiencies in a letter from Acadia dated September 18, 2012. (ECF No. 42, Exh. 1). The issue was also raised in briefing on the Motions to Dismiss filed in August 2012. In February 2014, Plaintiffs seemed to acknowledge the deficiencies in their attempted service and stated that they intended to file a

---

[3] While it is not necessary for the Court to address Acadia's misnomer arguments in light of the insufficient service of process, Acadia's arguments are well taken. It is undisputed that "Acadia Healthcare of Tennessee" does not exist, and it is clear that Plaintiffs intended to sue Acadia Healthcare Company, Inc. When a plaintiff has served the correct defendant but has misnamed the defendant in the summons and complaint, a court may dismiss the action without prejudice or allow an amendment to the complaint to correct the misnomer. *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir.2000) (explaining misnomer principle). The burden is on the plaintiff to seek leave to amend her complaint. *Hughes v. Auto-Owners Ins. Co.*, 4:11-CV-979, 2011 WL 2601519 (E.D. Mo. June 30, 2011).

In this case, Plaintiffs were put on notice of the misnomer almost two years ago. They have acknowledged that "Acadia Healthcare of Tennessee" is not a legal entity. (ECF No. 44). Over five months ago, Plaintiffs stated their intent to amend their Amended Complaint to correct the error, but they have not yet taken the necessary steps to do so. Accordingly, the Court would be justified in denying Plaintiffs' motion for default and dismissing this action without prejudice on these independent grounds.

motion to amend their Amended Complaint.  (ECF No. 44, p. 13).  To date, Plaintiffs have not successfully attempted to amend their Amended Complaint.

Federal Rule of Civil procedure 4(m) provides that a Court must dismiss an action without prejudice "[i]f a defendant is not served within 120 days after the complaint is filed….But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  In this case, Plaintiffs have clearly failed to effect service within 120 days of filing their Amended Complaint.  Plaintiffs have been on notice of service deficiencies for nearly two years.  They have refused to make any attempt to address those deficiencies.  Under these circumstances, the Court finds no reason to extend Plaintiffs' time to effect service.  Accordingly, Plaintiffs' claims against Acadia are dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs' Motion for Default Judgment (ECF No. 49) should be and hereby is **DENIED**.  The Court also finds that Plaintiffs' claims against Acadia should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED, this 4th day of August, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge